## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )

CHERYL JONES )
4016 Wahler Ct., SE )
Washington, D.C. 20032 )
)
CALVIN C. OWENS )
2601 Naylor Rd., SE, #102 )
Washington, DC 20020 )
)
HAROLD I. JACKSON )
P.O. Box 70 )
Lane, SC 29564, )
)
LAWRENCE MYERS )        CIVIL ACTION NO. _____
1014 Ellis St. )
Fayetteville, NC 28305, )
)
DON SAUNDERS )
9006 Old Palmer Rd. )
Fort Washington, MD 20744 )
)
JANET HILL )
501 Mace Dr. )
Fort Washington, MD 20744 )
)
INDIVIDUALLY AND ON )
BEHALF OF A CLASS OF )
PERSONS SIMILARLY SITUATED, )
)
            Plaintiffs, )
)
        v. )
)
DISTRICT OF COLUMBIA, )
        a municipal corporation, )
John A. Wilson Building )
1350 Pennsylvania Avenue, N.W. )
Washington, DC 20004, )
)
ADRIAN FENTY, in his official )
capacity as the Mayor of the )
District of Columbia, )
John A. Wilson Building )

1350 Pennsylvania Avenue, N.W.          )
Washington, DC 20004,                    )
                                          )
          and                            )
                                          )
KELLY VALENTINE, in her official         )
capacity as the Interim Director of the  )
Office of Risk Management                )
441 4th Street, N.W., Suite 800 South    )
Washington, D.C. 20001,                  )
                                          )
          Defendants.                    )
_____

## CLASS ACTION COMPLAINT

### Introduction

1.     The District of Columbia administers the Disability Compensation Program

(D.C. Code § 1-623.01, et seq.), to provide compensation and medical benefits to

employees of the District of Columbia government who sustain injuries resulting in

disability or death while in the course of performing their job duties.  The recipients'

compensation is initially calculated as a percentage of the wages earned by that

individual at the time he or she was injured.  Thereafter, the Program requires the

District to provide periodic Cost-of-Living increases ("COLAs") to the recipients'

benefits.  The District has consistently denied COLAs to recipients who were employed

in bargaining unit positions (i.e., positions represented by a union and covered by a

collective bargaining agreement) at the time they were injured, while granting COLAs to

recipients who had been employed in non-bargaining unit positions at the time they

were injured.  The District has thus violated the affected individuals' rights to Freedom

of Association and to Equal Protection under the law, as guaranteed by the First and

Fourteenth Amendments of the U.S. Constitution.  The District has also violated the

2

relevant statutory provision governing the Disability Compensation Program.
Accordingly, the above-named Plaintiffs, individually and on behalf of a class of persons
similarly situated, seek a declaration that this policy constitutes a violation of the First
and Fourteenth Amendments of the U.S. Constitution, and of the applicable provision in
the D.C. Code, a permanent injunction preventing the District from denying COLAs to
the Plaintiffs and class members in the future, back benefits and compensatory
damages with interest, and attorneys fees and costs.

## Jurisdiction and Venue

2.      This Court has jurisdiction over Plaintiffs' claims that Defendants violated
the United States Constitution, arising under 42 U.S.C. § 1983, pursuant to 28 U.S.C.
§§ 1331, 1343, 2201, and 2202, and has supplemental jurisdiction over Plaintiffs'
claims that Defendants violated D.C. law pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this Court under 28 U.S.C. § 1391 because
Defendants reside in this judicial district and District and a substantial part of the events
or omissions giving rise to the claim occurred in this judicial district.

## Parties

4.      Plaintiff Cheryl Jones is a resident of the District of Columbia and former
recipient of Disability Compensation benefits.

5.      Plaintiff Calvin Owens is a resident of the District of Columbia and a
current recipient of Disability Compensation benefits.

6.      Plaintiff  Harold Jackson is a resident of Lane, South Carolina and a
current recipient of Disability Compensation benefits.

3

7.     Plaintiff Lawrence Myers is a resident of Fayettville, North Carolina and a current recipient of Disability Compensation benefits.

8.     Plaintiff Donald Saunders is a resident of Fort Washington, Maryland and a current recipient of Disability Compensation benefits.

9.     Plaintiff Janet Hill is a resident of Fort Washington, Maryland and a former recipient of Disability Compensation benefits.

10.    Defendant District of Columbia is a municipal corporation subject to 42 U.S.C. § 1983.  Through its designated agency, the Office of Risk Management, the District is statutorily-mandated, pursuant to the Disability Compensation Act, D.C. Code, § 1-623.01, et. seq., to provide disability compensation benefits - including cash compensation and medical coverage - to employees of the District of Columbia government who sustain injuries while in the performance of his or her job duties that result in disability or death.

11.    Defendant Adrian M. Fenty is the mayor of the District of Columbia and is responsible for administering the Disability Compensation Program pursuant to D.C. Code, § 1-623.02a.

12.    Defendant Kelly Valentine is the Interim Director and Chief Risk Officer for the Office of Risk Management, which has been charged with administering the Disability Compensation Program since fiscal year 2004.

### Class Action Allegations

13.    Plaintiffs bring this case as a Class Action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure and Rule 23.1 of the Local Rules of the this Court, on behalf of:

4

>All persons who have received, are receiving, or will receive disability compensation benefits under the District of Columbia's Disability Compensation Program, D.C. Code § 1-623.01, et. seq., or its predecessor, who were employed in a bargaining unit position at the time the person was injured and whose compensation benefits were not adjusted when COLAs were granted by the District of Columbia pursuant to D.C. Code §§ 1-611.05 and 1-611.06.

14.     The Class is so numerous as to render joinder of each individual Plaintiff impracticable.  The exact number of Class members is not presently known to Plaintiffs, but can readily be determined by appropriate discovery.  Plaintiffs estimate the class includes several hundred individuals.

15.     Common questions of law and fact exist as to all members of the Class and predominate over any questions that may only affect individual members of the Class.  Among the questions of law and fact common to the Class are:

a.     Whether Defendants violated the Equal Protection Clause of the United States Constitution by failing and refusing to grant COLAs to recipients who were employed in bargaining unit positions at the time they were injured, while granting COLAs to recipients who were employed in non-bargaining unit positions at the time of injury.

b.     Whether Defendants violated D.C. Code § 1-623.41, and its predecessor provisions, by failing and refusing to grant COLAs to recipients who were employed in collective bargaining unit positions at the time they were injured.

c.     Whether Defendants violated the First Amendment of the United States Constitution by failing and refusing to grant COLAs to recipients who were employed in bargaining unit positions at the time they were injured, while granting

5

COLAs to recipients who were employed in non-bargaining unit positions at the time of injury.

        d.     Whether plaintiffs and the members of the Class have sustained injury by reason of Defendants' actions and omissions.

16.    The claims of the named Plaintiffs are typical of those across the Class - each has been, is, or will be, a recipient of benefits under the Disability Compensation Program and has not or will not receive COLAs due solely to the fact that each was employed by the District of Columbia in a collective bargaining unit position at the time of the person's injury.

17.    Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class action and public sector employment litigation.

18.    This suit is properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(2).

## Statutory Framework of the Disability Compensation Act

19.    The Disability Compensation Program, now codified at D.C. Code § 1-623.01, et seq., was enacted as part of the District of Columbia's Comprehensive Merit Personnel Act ("CMPA"), § 1-601.1, et seq. (1981).  It requires the District of Columbia to pay compensation for the disability or death of a District of Columbia government employee resulting from an injury sustained during the performance of his or her job duties.

20.    Defendant Adrian Fenty, as mayor of the District of Columbia, is responsible for administering the Disability Compensation Program.

6

21.    In Fiscal Year 2004, the administrative functions of the Disability Compensation Program were transferred to the Office of Risk Management.  The Office of Risk Management is overseen by Kelly Valentine, the Interim Director and Chief Risk Officer of the Office of Risk Management.

22.    Under the Disability Compensation Program, when a District employee is found to have suffered an injury resulting in total disability, it provides that individual monetary compensation equal to 66 2/3 percent of that individual's monthly pay at the time he or she was injured.  D.C. Code § 1-623.05(a).  If an employee is found to have suffered a partial disability, the District is to provide monthly compensation equal to 66 2/3 percent of "the difference between his or her monthly pay [at the time of injury] and his or her monthly wage-earning capacity after the beginning of the partial disability." D.C. Code § 1-623.06(a).

23.    The Disability Compensation Program requires that Defendants grant periodic COLAs to individual recipients' benefits.

a.    As originally enacted, the Disability Compensation Act contained the following formula by which Defendants were to calculate COLAs:

> Each month the Mayor shall determine the present change in the price index. Effective the first day of the month, which begins after the price index change equals a rise of at least three (3) percent for three (3) consecutive months over the price index for the latest base month, compensation payable on account of disability or death which occurred more than one (1) year before the first day shall be increased by the percent rise in the price index (calculated on the highest level of the price index during the three (3) consecutive months) adjusted to the neatest one-tenth (1/10) of one (1) percent.  For the purpose of this subsection, the item "price index" shall mean the Consumer Price Index for All Urban Consumers published by the Bureau of Labor Statistics, United States Department of Labor.

D.C. Code § 1-624.41 (1979).

b.      The City Council proposed amending this provision as part of the

"Disability Compensation Adjustment Act of 1989," which was introduced as Bill 8-207.

The Council's Committee on Government Operations, to which the bill was referred,

stated the following with respect to the COLA provision:

> The Committee feels that D.C. Code section 1-624.41 as it currently exists is needlessly confusing and complicated, and Bill 8-207, as introduced, perpetuates that confusion and complication.  There is no reason that adjustments to disability compensation need be calculated in such an intricate fashion.  In addition, Bill 8-207 as introduced would perpetuate the unequal treatment of District employees who are on disability and those who are not on disability with respect to increases in compensation.
>
> The Committee believes that a simpler and more equitable way to calculate adjustments to disability compensation is to link the adjustments to the same percentage amount as the base salary increases granted to employees in the Career and Excepted Services not covered by collective bargaining.  Those increases are generally granted on an annual basis, and are usually calculated to maintain parity with increases negotiated for District employees represented by labor unions.  The Committee feels that such a linkage for adjustments to disability compensation makes sense, is fair and equitable, and is far simpler than the method currently used to adjust disability compensation.

The amended COLA provision, as enacted, read:

> On or after April 1, 1990, increases in compensation payable due to disability or death shall be in the same percentage amount and shall have the same effective date as any base salary increase granted, pursuant to Sections 1-611.05 and 1-611.06, to employees in the Career and Excepted Service not covered by collective bargaining.  To be eligible for the increase, the disability or death of the employee must have occurred at least 1 year prior to the effective date of the increase.

D.C. Code § 1-623.41 (1990).

c.      The Council amended the COLA provision again as part of the

"Disability Compensation Effective Administration Amendment Act of 2004," D.C. Law

15-290 (effective April 5, 2005) to read:

> On or after April 1, 1990, the Mayor shall award cost-of-living increases in

8

compensation for disability or death whenever a cost-of-living increase is awarded pursuant to §§ 1-611.05 and 1-611.06.  The percentage amount and effective date of those increases shall be the same as for any increase granted under these sections. This section shall not apply to any collective bargaining agreements that are to the contrary.

### Factual Allegations

**Plaintiff Cheryl Jones**

24.     Plaintiff Cheryl Jones received Disability Compensation based on an injury she sustained in or around October of 2002 during the performance of her job as a Fire Communications Operator at St. Elizabeth's Hospital.

25.     At the time she was injured, Ms. Jones was in a bargaining unit represented by the National Union of Hospitals and Health Care Employees, Local 2095, American Federation of State, County and Municipal Employees.

26.     Ms. Jones returned to work and ceased receiving disability compensation benefits in or around April 2006.

27.     Ms. Jones never received a COLA to her Disability Compensation benefits.

**Plaintiff Calvin Owens**

28.     Plaintiff Calvin Owens receives Disability Compensation based on an injury he sustained in or around January of 1997 during the performance of his job as a maintenance worker for the D.C. Sports Commission at the Stadium-Armory.

29.     At the time he was injured, Mr. Owens was in a bargaining unit represented by the American Federation of State, County and Municipal Employees, District Council 20, Local 3677.

30.     Mr. Owens has not received a COLA to his Disability Compensation benefits in more than three years.

**Plaintiff Harold Jackson**

31.     Plaintiff  Harold Jackson receives Disability Compensation based on an injury he sustained in or around 1981 during the performance of his job as a service worker with the District of Columbia Department of Environmental Services.

32.     At the time he was injured, Mr. Jackson was in a bargaining unit represented by the American Federation of Government Employees, Local 631.

33.     Mr. Jackson has not received a COLA to his Disability Compensation benefits in more than three years.

**Plaintiff Lawrence Myers**

34.     Plaintiff  Lawrence Myers receives Disability Compensation based on an injury he sustained in or around 1987 during the performance of his job as a boiler plant operator with the District of Columbia Public Schools.

35.     At the time he was injured, Mr. Myers was in a bargaining unit represented by the International Brotherhood of Teamsters, Local 639.

36.     Mr. Myers has not received a COLA to his Disability Compensation benefits in more than three years.

**Plaintiff Donald Saunders**

37.     Plaintiff Donald Saunders receives Disability Compensation based on an injury he sustained in or around 2000 during the performance of his job as a corrections officer with the District of Columbia Department of Human Services on the grounds of

10

Oak Hill.

38.    At the time he was injured, Mr. Saunders was in a bargaining unit represented by the Fraternal Order of Police/Department of Human Services.

39.    Mr. Saunders has not received a COLA to his Disability Compensation benefits in more than three years.

**Plaintiff Janet Hill**

40.    Plaintiff Janet Hill received Disability Compensation based on an injury she sustained in or around January of 2003 during the performance of her job as a program assistant with the Department of Mental Health in the Dietary Department of St. Elizabeth's Hospital.

41.    At the time she was injured, Ms. Hill was in a bargaining unit represented by the National Union of Hospitals and Health Care Employees, Local 2095, American Federation of State, County and Municipal Employees.

42.    Ms. Hill returned to work and ceased receiving disability compensation benefits in or around November of 2006.

43.    Ms. Hill never received a COLA to her Disability Compensation benefits.

**Class Allegations**

44.    Each class member served as an employee of the District of Columbia in various capacities in bargaining unit positions covered by collective bargaining agreements.

45.    Each class member was injured during the performance of his or her duties as an employee of the District while in a bargaining unit position.

11

46.    The Disability Compensation Effective Administration Amendment Act of 2004," D.C. Law 15-290 (effective April 5, 2005) removed the requirement in the previous law that "[t]o be eligible for the increase, the disability or death of the employee must have occurred at least 1 year prior to the effective date of the increase."  D.C. Code § 1-623.41 (1990).  Each class member who was receiving Disability Compensation benefits prior to the April 5, 2005 effective date of the recent amendments met that one year requirement.

47.    Under color of state law, Defendants have continuously refused to grant COLAs to recipients of benefits under the Disability Compensation Program who were employed in bargaining unit positions at the time they sustained job-related injuries.

48.    Defendants' position is that COLAs are not awarded to collective bargaining unit members unless their collective bargaining agreements specifically provide for cost-of-living increases.

49.    By D.C. Council Resolution 15-171, Defendants implemented a 2.5% COLA pursuant to D.C. Code § 1-611.06, effective October 5, 2003.

50.    By D.C. Council Resolution 16-210, Defendants implemented a 3.5% COLA pursuant to D.C. Code § 1-611.06, effective July 10, 2005.

51.    By D.C. Council Resolution 16-322, Defendants implemented a 4% COLA pursuant to D.C. Code § 1-611.06, effective October 2, 2005.

52.    By D.C. Council Resolution 16-703, Defendants implemented a COLA of at least 3% pursuant to D.C. Code § 1-611.06, effective April 2, 2006.

53.    By D.C. Council Resolution 16-703, Defendants implemented a 3% COLA pursuant to D.C. Code § 1-611.06, effective October 1, 2006.

54.___Defendants have not applied any of these COLAs to the Disability Compensation of class members.

55.     Defendants have applied the COLAs set forth in paragraphs 51-54 above, to the Disability Compensation of individuals who were not in bargaining unit positions when they were injured.

56.     There are no collective bargaining agreements that are to the contrary of, or address in any way, the mandate in D.C. Code § 1-623.41 that "the Mayor shall award cost-of-living increases in compensation for disability or death whenever a cost-of-living increase is awarded pursuant to §§ 1-611.05 and 1-611.06."

57.     Because an individual's Disability Compensation benefits are calculated based on his or her monthly pay at the time of injury (D.C. Code § 1-623.05(a)), while individuals are receiving Disability Compensation Benefits they do not receive any collectively bargained pay increases.

58.     Defendants' policy of denying COLAs to recipients of disability compensation who were employed in bargaining unit positions at the time of injury violates D.C. Code § 1-623.41, which provides in part, that "the percentage amount and effective date of those [COLA] increases shall be the same as for any increase granted under these sections [D.C. Code §§ 1-611.05 and 1-611.06]. This section shall not apply to any collective bargaining agreements that are to the contrary."  (Emphasis added).

59.     Defendants' policy of denying COLAs to recipients who were been employed in bargaining unit positions at the time the individual was injured also violated the predecessor of D.C. Code 1-623.41, which provided in part, "increases in

13

compensation payable due to disability or death shall be in the same percentage amount and shall have the same effective date as any base salary increase granted, pursuant to Sections 1-611.05 and 1-611.06, to employees in the Career and Excepted Service not covered by collective bargaining."

60.    Defendants' policy of denying COLAs to recipients of Disability Compensation who were employed in bargaining unit positions at the time of injury, while granting COLAs to recipients who were not in bargaining unit positions at the time of injury, has no rational basis and thus violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

61.    Defendants' policy of denying COLAs to recipients of Disability Compensation who were employed in bargaining unit positions at the time of injury, while granting COLAs to recipients who were not in bargaining unit positions at the time of injury, violates the First Amendment to the United States Constitution.

WHEREFORE, the plaintiffs, individually and on behalf of a class of similarly situated individuals, pray that this Court:

A.    Order that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2);

B.    Declare that Defendants' denial of COLAs to recipients of disability compensation, who were employed in bargaining unit positions when injured, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

C.    Declare that Defendants' denial of COLAs to recipients of disability compensation, who were employed in bargaining unit positions when injured, violates

14

the D.C. Disability Compensation Program Act, D.C. Code, § 1-623.41;

      D.      Declare that Defendants' denial of COLAs to recipients of disability compensation, who were employed in bargaining unit positions when injured, violates the First Amendment to the United States Constitution.;

      E.      Permanently enjoin Defendants, their agents, employees, attorneys, and all other persons acting in concert or cooperation with them or at their discretion or under their control, from denying COLAs to Plaintiffs and Plaintiff class members;

      F.      Award Plaintiffs and Plaintiff class members compensatory damages in an amount equal to what each Plaintiff and Plaintiff class member should have been awarded as COLAs had Defendants not violated the law;

      G.      Award Plaintiffs and Plaintiff class members their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and prejudgment interest; and

      H.      Grant such other additional relief as the Court deems just and proper, including but not limited to establishing a mechanism to monitor enforcement of the Court's Order.

15

Respectfully submitted,

_____
Wendy L. Kahn (D.C. Bar No. 183855)
Zwerdling, Paul, Kahn & Wolly, P.C.


_____
Jeffrey W. Burritt (D.C. Bar No. 493812)
Zwerdling, Paul, Kahn & Wolly, P.C.
1025 Connecticut Avenue, N.W., Suite 712
Washington, D.C. 20036
P: (202) 857-5000
F: (202) 223-8417
Email: wlkahn@zwerdling.com
        Jburritt@zwerdling.com

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1 U.S. Government
Plaintiff

2 U.S. Government
Defendant

3 Federal Question
(U.S. Government Not a Party)

4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/ Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

Social Security:
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
Other Statutes
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*  OR  F. *Pro Se General Civil*

Real Property
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

Personal Property
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

Bankruptcy
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

Prisoner Petitions
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

Property Rights
820 Copyrights
830 Patent
840 Trademark

Federal Tax Suits
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

Other Statutes
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| **530 Habeas Corpus-General**<br>**510 Motion/Vacate Sentence** | **442 Civil Rights-Employment**<br>**(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)**<br><br>***(If pro se, select this deck)**** | **895 Freedom of Information Act**<br>**890 Other Statutory Actions**<br>**(if Privacy Act)**<br><br>***(If pro se, select this deck)**** | **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| **710 Fair Labor Standards Act**<br>**720 Labor/Mgmt. Relations**<br>**730 Labor/Mgmt. Reporting & Disclosure Act**<br>**740 Labor Railway Act**<br>**790 Other Labor Litigation**<br>**791 Empl. Ret. Inc. Security Act** | **441 Voting (if not Voting Rights Act)**<br>**443 Housing/Accommodations**<br>**444 Welfare**<br>**440 Other Civil Rights**<br>**445 American w/Disabilities-Employment**<br>**446 Americans w/Disabilities-Other** | **110 Insurance**<br>**120 Marine**<br>**130 Miller Act**<br>**140 Negotiable Instrument**<br>**150 Recovery of Overpayment & Enforcement of Judgment**<br>**153 Recovery of Overpayment of Veteran's Benefits**<br>**160 Stockholder's Suits**<br>**190 Other Contracts**<br>**195 Contract Product Liability**<br>**196 Franchise** | **441 Civil Rights-Voting (if Voting Rights Act)** |

## V. ORIGIN

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

## VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>**YES**        **NO** |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | (See instruction)        **YES**        **NO** | If yes, please complete related case form. |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

I.        COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C.,  and 99999 if plaintiff is outside the United States.

III.        CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.        CASE ASSIGNMENT AND NATURE OF SUIT:   The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint.  You may select only <u>one</u> category.  You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.        CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.        RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.