**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————

**CHERYL JONES**, *et al,*

      **v.**

                    **No. 1:07-cv-01206(EGS)**

**DISTRICT OF COLUMBIA**, *et al.*

)
)
)
)
)
)

———————————————————

<u>**MOTION OF DEFENDANTS TO DISMISS THE COMPLAINT**</u>

Defendants respectfully move to dismiss the Complaint in this action, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of jurisdiction over the subject matter and failure to state a claim on which relief can be granted.

The plaintiffs have failed to exhaust their administrative remedies before bringing their case in this Court. The District of Columbia's Disability Compensation legislation, which is the subject matter of this action, contains a comprehensive and fully adequate set of administrative procedures for bringing claims like that in the present case. These administrative remedies, if granted to the plaintiffs, will render it unnecessary for this Court to deal with the matter. The factors supporting application of the doctrine of exhaustion of administrative remedies are present in this case, as we show in our supporting papers.

1

A memorandum of points and authorities and a proposed order accompanies this motion.

Respectfully submitted,


LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
In charge of the Civil Division

EDWARD P. TAPTICH
Chief, Equity Section II


/s/_____
**DANIEL A. REZNECK**
Assistant Attorney General
For the District of Columbia
441 Fourth St., N.W., 6th Fl. So.
Washington, D.C. 20001
724-5691 (o)
Attorneys for Defendants

**For the District of Columbia**

**441-4[th] St., N.W., Sixth Fl. So.**

**Washington, D.C. 20001**

 **202-724-5691**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHERYL JONES, *et al,*

|  |  |
|---|---|
| | ) |
| v. | ) |
| | )    No. 1:07-cv-01206(EGS) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.* | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Defendants submit this memorandum in support of their motion to dismiss the complaint on the ground that the plaintiffs have not exhausted their administrative remedies under the District's Disability Compensation legislation, 1 D.C. Code Section 623.01 et seq.

None of the six plaintiffs alleges that he or she has exhausted the administrative remedies under the statute.  Nor does any plaintiff state facts showing such exhaustion.  Accordingly, their suit at this point does not establish subject-matter jurisdiction in this Court under Rule 12(b)(1) of the Federal Rules of Civil Procedure, nor does it state a claim on which relief can be granted under Rule 12(b)(6).

The statute contains a detailed and comprehensive set of administrative procedures for persons who seek to challenge actions by the officials of the agency which administers the statute, in this case the District's Office of Risk Management.  Indeed, there are multiple steps built

1

into the statute.

Section 1-623.21(a) of the statute unequivocally provides:

Claim required;

It further states:

Compensation under this subchapter may be allowed only if an individual or someone on his or her behalf makes claim therefor.

Section 1.623.24(b)(1) goes on to provide:

Before review under Section 1-623.28(a), a claimant for compensation not satisfied with a decision of the Mayor or his designee [in this case the Office of Risk Management] under subsection (a) of this section is entitled, on request made within 30 days after the date of the issuance 0f the decision, to  a hearing on the claim before a Department of Employment Services Disability Compensation Administrative Law Judge.

Nor is this all.  Any party aggrieved by an order of the DOES Administrative Law Judge is entitled to file an application for review with the Compensation Review Board ("CRB"), Labor Standards Bureau, DOES.  See Tellish v. District of Columbia Public Schools, CRB No 07-001, decided Feb. 16, 2007, pp. 1-2 and footnotes 1 and 2,  of which this Court may take judicial notice. A copy is attached hereto as Exhibit A.

Moreover, under Section 1-623.28(a), the Director of DOES may review an award for or against payment of compensation on application either by the claimant or the Office of the Attorney General.

Under Section 1-623.28(b), the action of the Director of DOES may be reviewed by the District of Columbia Court of Appeals.

This administrative process includes claims for adjustment of benefits to include cost-of-living increases ("COLAs") by persons receiving disability compensation. See Davis v. District of Columbia Department of Public Works, OHA/AHD No. PBL 06-115, DCP No. 761010-0001-1999-0056, decided May 3, 2007. A copy is also attached hereto as Exhibit B.

Not one of these steps, much less all of them, has been taken by any of the plaintiffs in this action or even claimed to have been taken. The present suit is a bypass of the carefully structured administrative process for the determination of such questions as are presented here

Under familiar principles of administrative law, the plaintiffs should be remitted to the administrative process before seeking to involve this Court. This is particularly so in this case, where a question is presented under District law of the proper interpretation of the Disability Compensation legislation with respect to claims for COLAs by persons who were members of collective bargaining units at the time they qualified for disability. See Complaint, Paras. 56-59 and Prayer for Relief C, p. 14 of the Complaint. If the plaintiffs' interpretation of District law is correct, their federal Constitutional claims evaporate. It is altogether fitting

3

that the District officials charged with administering the local statute and

reviewing decisions thereunder have the first opportunity to pass

authoritatively on this issue.

Since this Court is experienced in dealing with exhaustion

questions, we will not deal at length with the doctrine.  As Your Honor

wrote  in Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002),

"Failure to exhaust administrative remedies deprives a district court of

subject matter jurisdiction. . . . Thus, the defendant properly raises the

issue of exhaustion in a motion to dismiss  pursuant to Fed. R. Civ. P.

12(b)(1)"; id., 158 F.3d 1301, 1302 (D.C. Cir. 1998).  It follows a fortiori

and quite independently that such a complaint fails to state a claim on which

relief can be granted under Rule 12(b)(6).

The Supreme Court's elaboration of the reasons for the

doctrine appears in Justice Marshall's opinion in McKart v. United States,

395 US. 185, 193, 195 (1969), where he wrote:

> The doctrine of exhaustion of administrative reme-
> dies is well established in the jurisprudence of
> administrative law. [citations omitted].  The doctrine
> provides "that no one is entitled to judicial relief for
> a supposed or threatened injury until the prescribed
> administrative remedy has been exhausted." . . . A
> complaining party may be successful in vindicating
> his rights in the administrative process.  If he is
> required to pursue his administrative remedies, the

4

courts may never have to intervene.

For a very recent application of the doctrine, please see Judge Bates' opinion in <u>Wilson v. Libby,</u> Civ. Act. No. 06-1258 (JDB), decided July 19, 2007, 2007 WL 2059094.

Accordingly, the Court should dismiss the present Complaint and leave the plaintiffs to their administrative remedies.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
For the Civil Division

5

EDWARD P. TAPTICH
Chief, Equity II


/s/_____

**DANIEL A, REZNECK 31625**

**Assistant Attorney General**

**For the District of Columbia**

**441-4th St., N.W., Sixth Fl. So.**

**Washington, D.C. 20001**

**202-724-5691**

EXHIBIT A

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Department of Employment Services**
**Labor Standards Bureau**

Office of Hearings and Adjudication        (202) 671-1394-Voice
**COMPENSATION REVIEW BOARD**         (202) 673-6402 - Fax

CRB  No. 07-001

PATRICIA TELLISH,

Claimant–Petitioner,

v.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS,[1]

Employer– Respondent.

Appeal from a Compensation Order of
Administrative Law Judge Fred D. Carney
OHA/AHD No. PBL 05-028A,  DCP No. DCPS 007013

Benjamin T. Boscolo, Esq., for Claimant-Petitioner

Thelma Chichester Brown, Esq., for Employer- Respondent

Before E. COOPER BROWN, *Chief Administrative Appeals Judge*, JEFFREY P. RUSSELL, and
SHARMAN J. MONROE, *Administrative Appeals Judges*.

E. COOPER BROWN, *Chief Administrative Appeals Judge*, on behalf of the Review Panel:

## DECISION AND REMAND ORDER

---

[1] On appeal to the CRB, the parties' captions to their respective pleadings include "D.C. Disability Compensation Program" as a named party respondent. However, as far as this Review Panel can determine, there is no institutional governmental entity known as the "District of Columbia Disability Compensation Program." The process of administering claims for benefits under D.C. Code § 1-623.1, *et seq.*, referred to hereafter as "the Act", which is the statutory basis for claims by District of Columbia government employees for work related injuries, is a program under the jurisdiction of the District of Columbia Office of Risk Management (ORM). ORM refers to that program as the "District of Columbia Disability Compensation Program". It is the Act that establishes the requirements for entitlement to benefits, and the process for obtaining those benefits, including the filing of claims, and consideration of those claims by ORM. The Act also establishes the method and manner of appeals of ORM decisions, which include obtaining a hearing by AHD, following which hearing further appeals lie with the Director of DOES, which review authority has been delegated to this Board by the Director and pursuant to those authorities described further in footnote 2, *infra*.

---

JURISDICTION

Jurisdiction is conferred upon the Compensation Review Board pursuant to D.C. Official Code §1-623.28, §32-1521.01, 7 DCMR §118, and DOES Director's Directive Administrative Policy Issuance No. 05-01 (Feb. 5, 2005).[2]

BACKGROUND

This appeal follows the issuance of an Order by the Administrative Hearings Division (AHD), Office of Hearings and Adjudication, D.C. Department of Employment Services, dismissing Petitioner's Application for Formal Hearing (AFH) filed with AHD for lack of jurisdiction. The basis of the dismissal was that, in the presiding ALJ's view, AHD had no jurisdiction to conduct a formal hearing because the Office of Risk Management (ORM) had not issued a "final determination" within the meaning of D.C. Official Code §1-623.24(b)(1) disposing of Petitioner's claim before ORM; that in the absence of a written final determination by ORM there was no entitlement to a hearing before AHD on Petitioner's claim.

Petitioner, who alleges a work-related injury suffered on April 28, 2005, filed her initial claim with ORM on May 12, 2005. Subsequently, on August 24, 2005, ORM dismissed the claim for failure on the part of Petitioner to prosecute the matter. Petitioner filed an Application for a Formal Hearing (AFH) with AHD, whereupon, pursuant to agreement of the parties, AHD on November 22, 2005 vacated ORM's August 24th dismissal and remanded the case to ORM for further proceedings. Subsequently, on February 2, 2006, ORM's claims examiner issued a one-sentence statement addressed by fax transmission to Petitioner's counsel concerning Petitioner's claim, stating "Ms. Tellish right carpal tunnel syndrome has not been accepted at this time as being causal related to her lower back and right knee injury of 04/28/05." In response, on February 21, 2006, Petitioner filed with ORM a request seeking a formal written determination on Petitioner's claim within 30 days of submission of the request. When ORM failed to respond to Petitioner's February 21st submission within the time period requested, Petitioner filed the Application for Formal Hearing (on or about March 28, 2006) that was subsequently dismissed by the ALJ for lack of jurisdiction, the dismissal of which is now on appeal to the CRB.[3]

---

[2] Pursuant to D.C. Official Code §1-623.28, DOES is afforded administrative review authority over awards for or against payment of compensation made pursuant to D.C. Official Code §1-623.24(b)(1)). Pursuant to Administrative Policy Issuance No. 05-01, dated February 5, 2005, the Director of the Department of Employment Services realigned the Office of Hearings and Adjudication to include, *inter alia*, establishment of the Compensation Review Board (CRB) in implementation of the D.C. Workers' Compensation Administrative Reform and Anti-Fraud Amendment Act of 2004, D.C. Official Code §32-1521.01. In accordance with the Director's Directive, the CRB replaces the Office of the Director in providing administrative appellate review and disposition of workers' and disability compensation claims arising under the D.C. Workers' Compensation Act of 1979, as amended, D.C. Official Code §32-1501 *et seq.*, and the D.C. Government Comprehensive Merit Personnel Act of 1978, as amended, D.C. Official Code §1-623.1 *et seq.*, including responsibility for administrative appeals filed prior to October 1, 2004, the effective date of the D.C. Workers' Compensation Administrative Reform and Anti-Fraud Amendment Act of 2004.

[3] Given the limited administrative record before the CRB on appeal, it is difficult to determine what exactly transpired procedurally before the Office of Risk Management. What little we have been able to determine, recorded above, is based upon the mutual representations of the

In the Application for Review filed with the CRB, Petitioner asserts that ORM's failure to issue a formal written determination within the time period prescribed under D.C. Official Code §1-623.24(a) constituted a "constructive determination"[4] by ORM effectively denying her claim, such that Petitioner was entitled to invoke the jurisdiction of AHD by requesting a Formal Hearing.

In response, Respondent asserts that the ALJ correctly dismissed Petitioner's AFH in the absence of a formal written determination by ORM; that ORM's delay in issuing a determination was justified due to Petitioner's failure to provide adequate documentation in support of her claim; and that "rather than comply with the mandates of D.C. Code §1-623 *et seq.*, and provide [ORM] necessary documentation and medical support of her claim, [Petitioner] seeks to force Respondent into making a determination through an application for review" with the CRB. AHD, Respondent asserts, "is without jurisdiction to adjudicate a matter in which a written determination has not been issued [by ORM] and [the CRB] has no authority to grant jurisdiction where none exists."

## ANALYSIS

As an initial matter, the scope of review by the Compensation Review Board (CRB) and this Compensation Review Panel, whether as established by the District of Columbia Workers' Compensation Act of 1979, as amended (as set forth in footnote 2, *infra*, the private sector act), or pursuant to the District of Columbia Comprehensive Merit Personnel Act of 1978, as amended, D.C. Official Code § 1-623.01, *et seq.*, (the public sector act, or the Act) at § 1-623.28(a), and as contained in the governing regulations, is limited to making a determination as to whether the factual findings of an order under review are based upon substantial evidence in the record, and whether the legal conclusions drawn from those facts are in accordance with applicable law. "Substantial evidence," as defined by the District of Columbia Court of Appeals, is such evidence as a reasonable person might accept to support a particular conclusion. *Marriott Int'l. v. District of Columbia Department of Employment Services*, 834 A.2d 882 (D.C. App. 2003). Consistent with this standard of review, the CRB and this Review Panel are constrained to uphold an order that is supported by substantial evidence, even if there is also contained within the record under review substantial evidence to support a contrary conclusion, and even where the reviewing authority might have reached a contrary conclusion, so long as the decision in that order is in accordance with the law. *Marriott*, 834 A.2d at 885.

The instant appeal presents the CRB with the legal question of whether AHD's jurisdiction to entertain an Application for Formal Hearing pursuant to D.C. Official Code §1-623.24(b)(1) may only be invoked subsequent to the issuance by ORM of a formal written determination, including findings of fact and an award for or against payment of compensation, or whether AHD's jurisdiction may be invoked where, as in the instant case, no formal written determination has

---

parties before the CRB on appeal and upon our authority to take administrative notice of those ORM records submitted.

[4] Before AHD, Petitioner used the term "constructive denial" to characterize the non-decision of ORM. We view the terminology chosen as without distinction for purposes of this decision.

been issued by ORM within the 30-day time period prescribed by D.C. Official Code §1-623.24(a).

As previously noted, in the instant case Petitioner's counsel requested a formal written decision from ORM following issuance by ORM of a one-line fax communication seemingly denying Petitioner's claim, issued a little over two months after Petitioner's claim had been remanded by AHD to ORM for further proceedings following an earlier request for Formal Hearing. Through counsel, Petitioner requested that the written determination be issued within 30 days of the date of her request (February 21, 2006), stating that in the absence of a written determination within the prescribed period she would treat ORM's non-action as a denial of her claim. Petitioner asserts that the failure of ORM to issue a written determination within 30 days of Petitioner's February 21, 2006 request constitutes a constructive denial entitling Petitioner to review of her claim before AHD.

The statutory provision governing when and how ORM is to render a decision granting or denying a claim under the Act is found at D.C. Official Code § 1-623.24. Subsection (a) provides that following the filing of a claim for benefits, "the Mayor or his or her designee [in this instance ORM] shall determine and make a finding of facts and an award for or against payment of compensation ... within 30 days after the claim was filed." If, however, ORM fails to make the necessary findings and an award for or against payment of compensation within 30 calendar days from the date of the filing of the claim, "the claim shall be deemed accepted," thus obligating commencement of the payment of compensation "on the 31st day following the date the claim was filed." D.C. Official Code §1-623.24(a-3)(1). The foregoing does not apply, however, "if the Mayor [ORM] provides [the claimant with] notice in writing that extenuating circumstances preclude [ORM] from making a decision within this period, which shall include supporting documentation stating the reasons why a finding of facts and an award for or against compensation cannot be made within this period." *Id.*

Whether ORM's February 2, 2006 one-sentence fax communication regarding Petitioner's claim constitutes a denial of the claim under section 623.24(a) notwithstanding its obvious defects, and thus Petitioner's subsequent request for a full written determination constitutes a request for reconsideration pursuant to section 623.24(a-4)(1),[5] the failure of ORM to issue a formal written determination after Petitioner's claim had been pending for more than four months following its remand from AHD (November 22, 2005) surely constitutes the very concern that the City Council, in adopting these provisions sought to resolve.

Petitioner is thus correct in her assertion that a "constructive determination" was effected by ORM as a matter of law, due to the lapse of the statutorily prescribed 30-day period without ORM having rendered a formal written determination, sufficient for Petitioner to invoke the jurisdiction of AHD pursuant to D.C. Official Code § 1-623.24(b)(1). To read this subsection as permitting the invocation of AHD's jurisdiction only upon the issuance of a formal written

---

[5] D.C. Official Code § 1-623.24(a-4)(1) states, in pertinent part, "A claimant who disagrees with a decision of the May or his or her designee under subsequent (a) of this section shall have the right to request reconsideration of that decision within 30 days after the issuance of the decision." Petitioner's counsel asserts on appeal, however, that Petitioner's February 21, 2006 correspondence was not a request for reconsideration.

decision by ORM would be not only to misconstrue the express language of the subsection,[6] such a construction would render the provisions of subsections (a-3)(1) and (a-4)(2) meaningless and without recourse. Surely this could not have been the intent of the City Council in adopting these provisions. As the Court of Appeals has repeatedly held, a proper construction "must give effect to all of the provisions of [a statute], so that no part of it will be either redundant or superfluous." *Baghini v. D.C. Dept. of Employment Services*, 525 A.2d 1027, 1029 (D.C. 1987). *Accord, Office of People's Counsel v. Public Service Commission*, 477 A.2d 1079, 1084 (D.C. 1984); *Tuten v. United States*, 440 A.2d 1008, 1010 (D.C. 1982) ("A statute should not be construed in such a way as to render certain provisions superfluous or insignificant.").

*However*, whether the lack of a formal written determination by ORM is sufficient in the instant case to warrant the further determination that Petitioner's claim must, as a matter of law, be "deemed accepted", thus requiring payment of compensation pursuant to §1-623.24(a-3)(1) [or (a-4)(2)], necessitates further inquiry given the limited nature of the existing record. Upon remand, the ALJ must determine, upon a full development of the record, whether Petitioner is entitled, as matter of law, to award of her claim given the failure of ORM to issue a timely formal written decision, or whether ORM is legally excused from complying with the prescribed period for issuing its decision under the provisions of subsection 623-24(a-3)(1). As previously noted, this subsection provides that the lack of a written determination by ORM will not be deemed an acceptance of the claim (thereby triggering the requirement of payment) if extenuating circumstances can be satisfactorily demonstrated that prevented ORM from making a formal decision within the statutorily-prescribed period.[7]

In remanding this matter to AHD for further proceedings, we make clear that our holding is limited to the determination that AHD's jurisdiction was successfully invoked by Petitioner due to the failure of ORM to render a formal written determination within the statutorily prescribed 30-day period. We are *not* at this time holding that ORM's lack of a formal written determination constitutes, as a matter of law, a constructive *award* of Petitioner's claim. That determination must now be made upon remand to AHD and further development of the record.

## CONCLUSION

The dismissal by AHD of Petitioner's Application for a Formal Hearing for lack of jurisdiction, as contained in the Order of September 13, 2006, is not in accordance with the law. AHD had the necessary jurisdiction to hear Petitioner's Application for Formal Hearing notwithstanding the lack of a formal written determination by ORM denying Petitioner's claim for disability

---

[6] Section 623.24(b)(1) states in pertinent part: "[A] claimant for compensation not satisfied with a decision of the Mayor or his or her designee under subsection (a) of this section is entitled, on request made within 30 days after the date of issuance of the decision, to a hearing on the claim before a [DOES] Administrative Law Judge." The operative language of this subsection is "issuance of *the decision*" as opposed to issuance of a formal or written decision.

[7] The instant record before the CRB does not provide an answer to the question of whether ORM, as prescribed by subsection 623.24(a-3)(1), provided the necessary notice that "extenuating circumstances" existed absolving ORM from making a formal written determination within the required 30-day period.

benefits.  Upon remand, AHD must determine whether a constructive determination requiring payment of Petitioner's claim was thus effected as a matter of law, or whether extenuating circumstances excused ORM's failure to issue a timely written determination.


### ORDER

The Order of September 13, 2006 herein appealed is not in accordance with the law.  The matter is remanded to AHD for further proceedings consistent with the foregoing Decision and Order.


FOR THE COMPENSATION REVIEW BOARD:


E. COOPER BROWN
Chief Administrative Appeals Judge


February 16, 2007
DATE

6

TELLISH V. DC PUBLIC SCHOOLS
CRB No.07-001

## CERTIFICATE OF SERVICE

I hereby certify that the attached document was mailed, U.S. postage pre-paid, or hand-delivered, as noted, this 16th day of February 2007 to the persons or organizations listed below:


Benjamin T.Boscolo, Esq.
7852 Walker Drive, Suite 300
Greenbelt MD20770
7005 0390 0001 9763 5775


Thelma C. Brown Esq,
441 4th Street N.W., Suite 1060N
Washington DC 20001
7005 0390 0001 9763 5782


Clerk of the Board

EXHIBIT B

*LD-06-391*
*(w)*

*186 110*

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Department of Employment Services**
**Labor Standards Bureau**

Office of Hearings and Adjudication
Administrative Hearings Division

★ ★ ★

(202) 671-2233-Voice
(202) 673-6938-Fax

In the Matter of,                                )
                                                 )
ANDREW DAVIS,                                    )
                                                 )
         Claimant,                               )
                                                 )
             v.                                  )      OHA/AHD No. PBL 06-115
                                                 )      DCP No. 761010-0001-1999-0056
DISTRICT OF COLUMBIA                             )
DEPARTMENT OF PUBLIC WORKS                       )
                                                 )
         Employer.                               )

---

Appearances

    ROBERT BERKEBILE, ESQUIRE             FRANK MCDOUGALD, ESQUIRE
    FOR THE CLAIMANT                     FOR THE EMPLOYER

Before:

    FRED D. CARNEY, JR.,
    ADMINISTRATIVE LAW JUDGE

## COMPENSATION ORDER

### STATEMENT OF THE CASE

This proceeding arises out of a claim for disability compensation benefits filed pursuant to the provisions of the District of Columbia Government Comprehensive Merit Personnel Act of 1978, D.C. Code, as amended, §§ 1-623.1 *et seq.*, (hereinafter, the Act).

After timely notice, the parties elected to submit briefs in lieu of participating in a full evidentiary hearing. On December 12, 2006, the parties each filed their briefs addressed to Fred D. Carney, Jr.,

Administrative Law Judge, (ALJ). The record closed on December 12, 2006.

### BACKGROUND

Claimant worked for employer as a maintenance engineer. On June 6, 1990, claimant injured his back while pulling a one-ton chain. He sought benefits for his injuries under the Act and his claim was subsequently accepted. Claimant received wage loss and medical benefits for the injuries resulting from his employment with employer herein. On December 15, 2003, claimant requested his benefits be adjusted

---

**ANDREW DAVIS**

to include Cost of Living Increases, (COLA). On December 22, 2003, the Disability Compensation Program (DCP) issued a Final Order of Denial to claimant denying him COLA because he was a collective bargaining unit member.

## CLAIM FOR RELIEF

Claimant seeks an award under the Act of compensation for all Cost-of-Living Adjustments (COLA) from the date of injury to the present.

## ISSUE

Whether or not claimant who was employed as a collective bargaining unit member while working for employer is entitled to receive COLA.

## FINDINGS OF FACT

The parties have stipulated, and I accordingly so find, claimant sustained an injury to his back and hips on June 6, 2000, notice of injury and claim was timely given and claimant has not returned to work.

At the time of claimant's work injury I find claimant was a member of a collective bargaining unit (union employee).

## DISCUSSION

The undersigned has considered the arguments presented by the parties on the issues presented for resolution. To the extent an argument is consistent with the findings of fact, analysis, and conclusions of law contained herein, it is accepted; to the extent an argument is inconsistent therewith, it is specifically rejected.

The record in this matter indicates that on

December 22, 2003, the DCP issued a Final Order of Denial which informed claimant that based on the representations of his counsel, claimant was a collective bargaining member at the time of his work injury. Based on the fact that claimant was a union employee his request for a COLA was denied. Claimant however, contests the denial order and posits in his brief that claimant he is suffering harsh and inhuman results due to the meager benefits he receives. In his brief claimant argues that he is permanently disabled and cannot return to work. Without a COLA, he argues he will be some be unable to sustain the basic necessities of life. Claimant asserts that based on the humanitarian principles of the Act, he is entitled to COLA as requested. Claimant further argues that the Administrative Law Judge has the discretion to make decisions favorable to claimant.

After having considered the arguments of both parties reference is made to the pertinent statute as it read in December 22, 2003 when DCP denied his COLA:

> **§ 1-623.41. Cost-of-living adjustment of compensation [Formerly § 1-624.41]**

> **On or after April 1, 1990, increases in compensation payable due to disability or death shall be in the same percentage amount and shall have the same effective date as any base salary increase granted, pursuant to §§ 1-611.05 and 1-611.06, to employees in the Career and Excepted**

ANDREW DAVIS

**Services <u>not covered by</u> <u>collective bargaining</u>. To be eligible for the increase, the disability or death of the employee must have occurred at least 1 year prior to the effective date of the increase. (emphasis, added)**

It is well-settled principle that claimant has the burden of proving his case by substantial probative evidence. Substantial evidence is defined as, the degree of relevant evidence which a reasonable mind, considering the record as a whole, might accept as adequate to support a conclusion that the matter asserted is true. *Wills-Rice v. DOES, ECAB* No. 88-37 (May 31, 1991) Claimant has shown he has been denied COLA because he was a union employee.

In this case of legal interpretation, claimant offers no statutory or jurisprudential authority for his position that the ALJ can award relief that is expressly unavailable under the Act. Therefore he has failed to support his claim for relief as the undersigned interprets the § 1-623.41 to exclude all union employees from receiving COLA pursuant to this provision and it is undisputed that claimant was a union employee. The role of the ALJ is to make findings of facts and conclusions of law on all contested issues based on the evidence of record. He has no authority to broaden the Act's coverage were the language is clear.

## CONCLUSIONS OF LAW

Based upon a review of the record evidence as a whole, I find and conclude claimant failed to show by substantial evidence that he is entitled to the relief he seeks.

**ANDREW DAVIS**

**ORDER**

It is **ORDERED** claimant's claim for relief be, and hereby is **DENIED**.

_____
FRED D. CARNEY, JR.,
CHIEF ADMINISTRATIVE LAW JUDGE


_May 3, 2007_____
              Date

RE: *ANDREW DAVIS V. DEPARTMENT OF PUBLIC WORKS*, DCP No. 761020 AHD No. PBL 06-115.


### APPEAL RIGHTS

This order is effective upon filing with the Mayor pursuant to Section 2102, Title XXIII of the District of Columbia Government Comprehensive Merit Personnel Act of 1978 (D.C. Law 2-139, D.C. Code 1981, §§ 1-623.1 *et seq*).  Any party aggrieved by this Order may file an application for review with the Chief Judge Compensation Order Review Board, Labor Standards Bureau, Department of Employment Services.

### Send Petition for Review to:

Compensation Order Review Board/Chief Judge
Department of Employment Services
Labor Standards Bureau
64 New York Avenue, N.E.
Third Floor
Washington, D.C.   20002

The Petition for Review must be filed within 30 days of the date of this Order with the Mayor as provided in Section 2328(a) of the Act, D.C. Code, as amended, § 1-623.28.  A Petition for Review is perfected by filing with the Director one (1) original and one (1) copy of an Application for Review, one (1) original and one (1) copy of a Memorandum of Points and Authorities in support of the Application and certification that copies of the Application and Memorandum have been served by mail or delivery, upon the opposing party(ies) and the Chief Judge Compensation Order Review Board.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**CHERYL JONES,** *et al,*

        **v.**

                        **No. 1:07-cv-01206(EGS)**

**DISTRICT OF COLUMBIA** *et al*.

_____)

                        **ORDER**

Defendants having moved to dismiss the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,  for failure to exhaust administrative remedies, and plaintiffs having opposed said motion,  it is hereby ORDERED  that:

    1.  The motion is granted.

    2.   The Complaint is dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.


Dated:                                 _____
                                 United States District Judge

Copies to:

Daniel A. Rezneck
Assistant Attorney General
For the District of Columbia
441-4[th] St., N.W., Sixth Floor South
Washington, D.C. 20001

Wendy L. Kahn
Zwerdling, Paul, Kahn and Wolly, P.C.
1025 Connecticut Avenue, N.W., Suite 712
Washington, D.C. 20005