UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 1 2 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

CHERYL JONES, et al.  )
)
Plaintiffs,  )
)
v.  )  Civ. Action No. 07-1206 (EGS)
)
DISTRICT OF COLUMBIA,  )
)
Defendant.  )

## FINAL ORDER OF APPROVAL OF CLASS SETTLEMENT AND JUDGMENT

The Court, having held a Fairness Hearing on February 19, 2016, notice of this hearing having been duly given in accordance with the Court's Preliminary Approval Order, and the Court having considered all matters raised at the hearing, including any objections, if any, by prospective Class Members to the Settlement Agreement, and having considered the Joint Motion for the Entry of a Final Order of Approval of Class Settlement and Judgment, it is this 11th day of April 2016,

**ORDERED**, that the Parties' Joint Motion for the Entry of a Final Order of Approval of Class Settlement and Judgment be, and the same hereby is **Granted**; and it is

**FURTHER ORDERED**, that the terms of this Court's Preliminary Approval Order (Dkt. No. 90) are incorporated by reference in this Order; and it is

**FURTHER ORDERED**, that the Court finds that the Class, having been preliminarily certified, satisfies all of the elements of Rule 23(a) and Rule 23(b)(3), and that therefore, a Class consisting of

> All persons who have received, or are receiving, workers' compensation benefits (formerly referred to as disability compensation benefits), who were injured while

working in a District of Columbia Government Collective Bargaining Unit Position and whose benefits were not increased on June 27, 2004, or thereafter, by one or more of the pay increases ("cost-of-living adjustments" or "COLAs") awarded by the Council of the District of Columbia on or about October 5, 2003 (2.5%), July 10, 2005 (3.5%), October 2, 2005 (4.0%), October 1, 2006 (3.0%), and October 14, 2007 (3.25%), or a pay parity increase awarded on April 2, 2006

is hereby certified as a Rule 23(b)(3) class for purposes of effectuating this Settlement; and it is

**FURTHER ORDERED**, that this Order (Final Approval Order) incorporates by reference the Settlement Agreement, as amended, filed October 13, 2015 (Dkt. No. 89-2), modified as to the publication of the notice by Order entered December 10, 2015 (Dkt. No. 92), modified as set forth in the Agreement by Minute Order dated January 30, 2016, and again modified by Order entered February 1, 2016 (Dkt. No. 95); and it is

**FURTHER ORDERED**, that the Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure there is no just reason for delaying the entry of this Final Approval Order as a final judgment that is immediately appealable; and it is

**FURTHER ORDERED**, that the Court finds that Cheryl Jones, Calvin C. Owens, Harold I. Jackson, Lawrence Myers, Estate of Don Saunders, Janet Hill, Clement Suna, Donna Cotton and Glenda Hall, having been appointed as Class Representatives, have adequately represented the Class for purposes of entering into and implementing this Settlement Agreement; and it is

**FURTHER ORDERED**, that the Court finds that Wendy L. Kahn and Jordan M. Kaplan of the firm Zwerdling, Paul, Kahn & Wolly, P.C., having been appointed as Class Counsel, have adequately represented the Class for purposes of entering into and implementing this Settlement Agreement; and it is

**FURTHER ORDERED**, that the Court finds that the firm of Settlement Services, Inc., having been approved as the Class Administrator, has adequately served the Class in implementing the administrative terms of this Settlement Agreement; and it is

**FURTHER ORDERED**, that the Court finds, based upon the report filed by the Class Administrator, that Class Members received adequate notice of the Settlement – as well as their right to file claims, exclude themselves (i.e., opt-out) and object – through the efforts of the Parties and the Class Administrator, in accordance with the Court-approved procedure set forth in the Settlement Agreement; and it is

**FURTHER ORDERED**, that for a period of five (5) years, the Clerk of the Court shall preserve a record of those individuals that have timely excluded themselves from the Settlement and shall provide a certified copy of such records to the District and Class Counsel; and it is

**FURTHER ORDERED**, that the Court finds that no objections to the Settlement Agreement have been filed, following adequate notice to the Class of the right to object; and it is

**FURTHER ORDERED**, that the Court finds no objections were raised to the Settlement Agreement during the Fairness Hearing, following adequate notice to the Class of the date of the hearing and of the right to request an opportunity to testify during the hearing; and it is

**FURTHER ORDERED**, that the Court finds that the terms of the Settlement Agreement, including a Class Fund of $8,100,000 and attorneys' fees and costs of $900,000, are fair, reasonable, and adequate, and in the best interests of the Class; and it is

**FURTHER ORDERED**, that the Court finds that the upward adjustment of back benefits for ongoing recipients of public sector workers' compensation is fair, reasonable, adequate, and in the best interests of the Class; and it is

**FURTHER ORDERED**, that the Court finds that the allocation of the payment of claims to all Claimants is fair, reasonable, adequate, and in the best interests of the Class as a whole, adjudging its terms to satisfy Rule 23(e) and due process requirements; and it is

**FURTHER ORDERED**, that the money in the Class Fund is to be distributed; and it is

**FURTHER ORDERED**, that the Releasees, and each of them, are discharged and released from the Released Claims; and it is

**FURTHER ORDERED**, that the Plaintiffs or any Settling Class Member, either directly or indirectly, representatively, derivatively or in any other capacity, are permanently barred and enjoined from instituting, maintaining, prosecuting or enforcing any other actions or claims that are discharged and released pursuant to this Settlement Agreement; and it is

**FURTHER ORDERED**, that the Class Fund shall remain subject to the exclusive jurisdiction of the Court until the funds shall be distributed pursuant to the Settlement Agreement, including the reversion of any funds to the District, and further orders of this Court; and it is

**FURTHER ORDERED**, that the Court retains exclusive jurisdiction over this Action to ensure compliance with the monetary payment terms for a period of three years from the Court's final approval of Settlement of this matter and the exhaustion of any appeals, including any petition for writ of certiorari to the Supreme court of the United States.

**FURTHER ORDERED**, that this Action is dismissed on the merits, with prejudice and without costs, with such dismissal subject only to compliance by the Parties with the terms and conditions of this Settlement Agreement and any Court Order with reference thereto.

Emmet G. Sullivan
United States District Judge